## Dunn v. Jones.

(Decided December 15, 1931.)

E. L. COOPER for appellant.

C. B. COX for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

This is an appeal from a judgment of the Marshall circuit court requiring appellant, R. C. Dunn, to remove an obstruction from a passway of appellee, Jones, and to build and construct a bridge or culvert over a ditch which he had constructed across the passway and in such a way as to afford appellee the same use, right, and enjoyment of the passway as he had before appellant placed the obstruction thereon.

The passway in controversy is on or near the dividing line between the lands of the litigants. It is a neighborhood road leading to the Wadesboro-Mayfield public road, and the evidence shows that it has been used by

the public generally as a matter of right for over 30 years; in fact, it is agreed that it is a public passway. By the evidence and by plats and maps filed as exhibits it appears that a portion of the passway along and near the alleged obstruction was all on the land of appellee, but appellant has in recent years pulled back his fence, and the present traveled portion of the passway at and near the point in controversy is now all upon his land.

For many years, appellee has used a passway which is called "Jones' old passway" leading from his premises and into the old passway at a point marked "A." on the plats, and where the passway turns in a southwest course from Usrey's ditch to the Wadesboro-Mayfield road. The evidence shows that appellant has placed a line of barn logs from Usrey's ditch northward across what is called "Jones' old passway" and the old public passway which is on the land of appellee. This line of logs is something like 100 feet in length. There is also evidence that appellant cut a ditch across appellee's old passway which interferes with his use thereof.

In his petition filed in the circuit court, appellee alleged that appellant had obstructed the passway by placing this line of logs, and that he had been damaged, thereby in the sum of $500. He asked for judgment for that sum and for an injunction requiring appellant to remove the obstruction and from ever after replacing same.

As is usual in cases of this character, a large number of witnesses were introduced, and the evidence took a wide range. Evidence of appellee and a number of his witnesses tends to show that what they term as "this wall of logs" forms a barrier to appellee's access to the passway. There is, however, a sharp conflict in the evidence offered by the respective parties on this point. It is shown that appellee has access to the public passway at a point some distance north of the line of logs which is reached by what is known as Jones' present passway.

Appellant also produced evidence to show that drainage over appellee's land and through his horse lot is toward the passway and leads into Usrey's ditch; that appellee and his tenants have obstructed and diverted the natural flow of the surface water by placing old automobile parts and other obstructions in the drains, thereby causing the water to flow over and across the public passway so as to injure and render it unfit for travel;

that the line of logs was placed in and along the passway, in order to protect it from injury from the water.

While it does not appear in the record, we find it stated in the brief that the chancellor at the request of the parties went upon the premises in order to acquaint himself with the true situation before rendering his decision.

The statute of our state provides the way in which public roads may be changed, and even the owner of the land over which a passway has been acquired by prescription may not at his pleasure alter or change same, even though in so doing he may provide a better way. Vance v. Adams et al. (Ky.), 112 S. W. 927.

The fact that appellee has another outlet to the public highway might be considered on the question of damages, but it is not a defense to an action for obstructing another way which he may have acquired by prescriptive right.

Although there is evidence to the contrary, there is ample evidence to show that the logs placed by appellant did obstruct appellee's use of the passway. The chancellor who knew the witnesses and who, it appears, went upon the premises and viewed the surrounding conditions is in better position to know the true conditions than is this court from a reading of the record. Under such circumstances we would not be warranted in disturbing his finding.

Judgment affirmed.